Atcheson, J.,
dissenting: The State’s appeal from a sentencing decision of the Miami County District Court fails to present a legal question of statewide interest or importance, as required under K.S.A. 2013 Supp. 22-3602(b)(3). See State v. Berreth, 294 Kan. 98, 121-22, 273 P.3d 752 (2012) (An appellate court should address a question reserved only if the issue is “of statewide interest” bearing on “the correct and uniform administration of criminal law.”). In debating and fashioning a sentence for Defendant Michael J. Pearce, Jr., the lawyers and tire district court mistakenly relied on statutory language that had been repealed. On appeal, based on a *123 question reserved, the State simply continues the debate over how to construe an extinct sentencing provision in a case to which it never applied. I would dismiss the appeal as an artificial exercise of no particular importance except, perhaps, to the participants in this case. So I respectfully dissent from the majority’s decision to entertain the matter at all. See State v. Herman, 50 Kan. App. 2d 316, Syl. ¶ 4, 324 P.3d 1124 (2014) (when question reserved by State for appeal is not of statewide interest, appeal must be dismissed).
I have no quarrel with Judge Leben’s thoughtful analysis of the sentencing statutes as they actually apply to scoring Pearce’s criminal history for purposes of his present burglary conviction. As that review demonstrates, the controlling statute in effect when Pearce broke the law—and that remains in effect—clearly requires that his previous aggravated burglary conviction be scored as part of his criminal history. K.S.A. 2013 Supp. 21-6810(d)(9). The parties and the district court, however, relied on an earlier version of the statute and sparred over how a past conviction should be treated for criminal history purposes if it were also used to “enhance” the “applicable penalties” to be imposed for a defendant’s current crime of conviction. But the Kansas Legislature amended K.S.A. 2013 Supp. 21-6810(d)(9) and eliminated the phrase “applicable penalties” effective in 2010, some 2 years before Pearce committed the burglary at hand. See L. 2010, ch. 36, sec. 1. As a result, the parties and the district court were assessing how to apply language that had been removed from the statute well before this crime and this case.
More specifically, as the parties framed the issue, the district court had to decide whether Pearce’s past conviction for aggravated burglary or one of his past convictions for simple burglary enhanced the penalty for his current burglary by eliminating probation as a sentencing option and requiring that he be sent to prison. The past conviction used for that purpose could not have been scored in Pearce’s criminal history under the old version of the statute. And the aggravated burglary would significantly increase his criminal history if it were scored.
*124 But the issue is a false one in this case. Under the amended version of K.S.A. 2013 Supp. 21-6810(d)(9), that really applied to Pearce, all of his past burglary convictions should have been scored in his criminal history. As Judge Leben has explained, the current statutory language is- excruciatingly clear on that point.
On appeal, the State effectively denominates the same false issue as the question reserved: Should the district court have excluded Pearce’s aggravated burglary conviction or one of his simple burglary convictions from his criminal history? Both sides argue the merits of that question, focusing on how to weigh the rule of lenity in construing the statutory language and citing cases considering K.S.A. 21-4710(d)(ll), the predecessor to the preamendment version of K.S.A. 2013 Supp. 21-6810(d)(9). In short, the parties argue the question reserved as if K.S.A. 2013 Supp. 21-6810(d)(9) had never been amended and seek a ruling on how to construe the language tire legislature repealed in 2010.
The question, then, isn’t one presented in the law properly governing this case. And it isn’t a question the State suggests might affect a significant number of defendants actually sentenced under the old version of the statute. The majority, quite correctly, doesn’t presume to answer that question. Accordingly, I fail to see how the appeal is properly before us. See Herman, 50 Kan. App. 2d, Syl. ¶ 4. As a practical matter, the appeal accomplishes little other than to show that the district court made a mistake—with a great big assist from the parties’ lawyers. An appeal based on a question reserved cannot be brought for that reason. See Berreth, 294 Kan. at 121.
The majority justifies taking the appeal at all because its decision will highlight die 2010 legislative amendment to K.S.A. 2013 Supp. 21-6810(d)(9). And because, as the majority notes, this case represents a cautionary tale about failing to ascertain the operative statutory language governing a legal issue. I wholeheartedly agree that in considering a statutory matter, lawyers and judges ought to read the relevant statutes. Even if they think they know what the statutes say, their memories may be faulty. That’s why there are statute books. And legislative gremlins may have been at work, so the statutes no longer say what they once did. That’s why there are *125 supplements to the statute books. But those reasons are the stuff of continuing legal education programs.
The State has not articulated a legal question of broad interest that demands to be answered because it poses a novel or difficult issue or would affect a significant number of litigants. That is the stuff of a question-reserved appeal. I would dismiss this appeal because it doesn’t have the right stuff, and we, therefore, lack jurisdiction.